IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHN FITZGERALD                                                              PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 4:03cv107-WAP-JAD

EQUICREDIT CORPORATION OF AMERICA;                          DEFENDANTS
BANK OF AMERICA CORPORATION
NATIONSCREDIT FINANCIAL SERVICES
CORPORATION; WHOLESALE MORTGAGE,
INC.; AND MORTGAGE STOP, INC.

ORDER JUDICIALLY DETERMINING CERTAIN PERSONS ARE NOT PROPER
MEMBERS OF THE PAYEE SUBCLASS AND CONFIRMING AND ADOPTING
ARBITRATORS' DECISIONS

THIS CAUSE having come on to be heard this day, on the *Motion for Order Judicially Determining that Certain Persons are not Proper Members of the Payee Subclass and Confirming and Adopting Arbitrators' Decisions* (the "Motion") [Docket No. 237-1], filed by the Defendants, EQUICREDIT CORPORATION OF AMERICA, BANK OF AMERICA CORPORATION AND NATIONSCREDIT FINANCIAL SERVICES CORPORATION (collectively, the "EquiCredit Defendants"), requesting that the Court enter an order judicially determining certain persons whose Payee Subclass entitlement claims were submitted to arbitration are not proper members of the Payee Subclass and confirming and adopting the arbitrators' decisions, and the Court, having considered the Motion and the evidence and testimony adduced in support thereof and being fully advised in the premises, hereby finds that the Motion is well taken and should be granted, and further finds and adjudicates as follows:

1

1. The procedural history of this matter through December 16, 2005 has been set forth in prior orders of this Court, including without limitation, the Order of Preliminary Approval dated November 29, 2004 (the "Preliminary Approval Order") [Docket No. 55-1]; the Order Certifying Settlement Class, Approving Class Action Settlement and Awarding Attorneys' Fees dated June 7, 2005 (the "Final Approval Order") [Docket No. 108-1]; the Order Denying Motion to Amend/Correct dated June 23, 2005 regarding distribution of attorney's fees and expenses to Class Counsel [Docket No. 112-1]; the Order granting Motion to Amend/Correct dated July 19, 2005, likewise related to the distribution of Class Counsel's attorney's fees and expenses [Docket No. 115-1]; the Order Granting Partial Distribution of Attorneys' Fee Award dated August 8, 2005 [Docket No. 120-1]; the Order Granting Motion to Authorize the Payment of Class Representative Fees dated August 8, 2005 [Docket No. 121-1]; the Order Granting Extension of Deadline for Filing Claims dated September 6, 2005 [Docket No. 123-1]; the Order Denying Motions as Moot dated September 22, 2005 [Docket No. 124-1]; the Order Approving Partial Distribution of Attorneys' Fee Award dated December 8, 2005 [Docket No. 228-1]; and the Order Judicially Determining that Certain Borrower Class Members Have Abandoned Their Payee Subclass Claims dated December 16, 2005 (the "First Judicial Determination of Abandonment Order") [Docket No. 230-1], all of which are incorporated herein by reference.

2. **Exhibit L**, which is attached to the Motion and incorporated therein by reference, sets forth a list of those persons who made claims of entitlement to membership in the Payee Subclass in their claim forms filed with L. Stephens Tilghman, Tilghman and Company, the Fitzgerald Claims Administrator (the "Claims Administrator"), which were disputed by the EquiCredit Defendants, and accordingly, who were scheduled for arbitration, and who did not settle their claims prior to the arbitrations, and the results of those arbitrations.

3. The parties scheduled arbitration hearings for the claims of membership in the Payee Subclass for three persons: Kenneth Taylor, Melanie Dover, and Otis Brown. The Claims Administrator and Class Counsel each provided advanced, actual written notice of the date, time, and location of these arbitration hearings. The Claims Administrator sent written notice to each of the time, date and place of the scheduled arbitrations by certified mail, return receipt requested, and by first class mail. Class Counsel also forwarded a separate written notice to each, first class mail, and included correspondence which detailed the likely consequences of a failure to appear.

4. Melanie Dover and Otis Brown each failed to appear at their scheduled arbitration hearings as and when scheduled, and failed to present any testimony or evidence to support their claims of membership in the Payee Subclass.

5. Dover was scheduled to appear for arbitration on February 6, 2006, before Charles L. Swayze, Jr., the designated arbitrator. Mr. Swayze entered his *Arbitrator's Memorandum Opinion and Order as to the Payee Subclass Claims of Melanie Dover* dated February 28, 2006, a copy of which is attached to the Motion as **Exhibit M** and incorporated therein by reference, finding and determining that Dover had failed to prove her Payee Subclass claims and was therefore not entitled to membership in the Payee Subclass.

6. Brown was scheduled to appear for arbitration on February 7, 2006, before Richard T. Bennett, the designated arbitrator. Mr. Bennett entered his *Arbitrator's Memorandum Opinion and Order as to the Payee Subclass Claims of Otis Brown* dated March 2, 2006, a copy of which is attached to the Motion as **Exhibit N** and incorporated therein by reference, finding and determining that Brown had failed to prove his Payee Subclass claims and was therefore not entitled to membership in the Payee Subclass.

7. Kenneth Taylor personally appeared at his scheduled arbitration hearing on February 7, 2006 before Richard T. Bennett, the designated arbitrator, and was represented by Class Counsel. Mr. Taylor was afforded the opportunity to present evidence and testimony and to oppose the evidence presented by the EquiCredit Defendants, and to present his arguments to the Arbitrator. Following the conclusion of the arbitration hearing, the Arbitrator issued his *Arbitrator's Memorandum Opinion and Order as to the Payee Subclass Claims of Kenneth Taylor* dated March 2, 2006, a copy of which is attached to the Motion as **Exhibit O** and incorporated therein by reference, finding and determining that Taylor had failed to prove his Payee Subclass claims, and was therefore not entitled to membership in the Payee Subclass.

8. The EquiCredit Defendants have requested that the Court confirm the written decisions issued by the Arbitrators denying the Payee Subclass claims of Kenneth Taylor, Otis Brown and Melanie Dover, and confirming that neither Taylor, Brown nor Dover is entitled to membership in the Payee Subclass.

9. The Court hereby finds and determines that Melanie Dover and Otis Brown, both of whom are persons who failed to appear for their scheduled arbitrations following reasonable and proper written notice, neither of whom settled their claims as reflected on Exhibit E, each abandoned their Payee Subclass claims, if any, and are not entitled to membership in or to the relief to which a member of the Payee Subclass is entitled. The Court further finds that the issuance of the decisions of the Arbitrators denying the Payee Subclass claims of Melanie Dover and Otis Brown and determining that neither is entitled to membership in or to the relief to which a member of the Payee Subclass is entitled, have fully complied with the terms of the Settlement Agreement and the prior orders of this Court.

10. The Court further finds and determines that the issuance of the decision of the Arbitrator denying the Payee Subclass claims of Kenneth Taylor and determining that he is not entitled to membership in or to the relief to which a member of the Payee Subclass is entitled, has fully complied with the terms of the Settlement Agreement and the prior orders of this Court.

Based upon the foregoing findings and conclusions, and for good cause appearing, it is therefore,

**ORDERED:**

(1) The decisions of the Arbitrators denying the Payee Subclass claims of MELANIE DOVER and OTIS BROWN and finding that they are not entitled to membership in or to the relief to which a member of the Payee Subclass is entitled, are each hereby confirmed and adopted. Neither Melanie Dover nor Otis Brown shall be included as members of the Payee Subclass, although both shall continue to be members of the Borrower Class and entitled to such relief as members thereof as is ordered by the Court in other orders.

(2) That the decision of the Arbitrator denying the Payee Subclass claims of KENNETH TAYLOR and finding that he is not entitled to membership in or to the relief to which a member of the Payee Subclass is entitled, is hereby confirmed and adopted by this Court. Kenneth Taylor shall not be included as a member of the Payee Subclass, but shall continue to be a member of the Borrower Class and entitled to such relief as a member thereof as is ordered by the Court in other orders.

SO ORDERED on this, the 27th day of March, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE