IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHN FITZGERALD, on behalf of himself and                        PLAINTIFFS
all others similarly situated, et al.

V.                                     CIVIL ACTION NO. 4:03cv107-WAP-JAD

EQUICREDIT CORPORATION OF AMERICA;                        DEFENDANTS
BANK OF AMERICA CORPORATION and
NATIONSCREDIT FINANCIAL SERVICES
CORPORATION

## FINAL JUDGMENT

THIS CAUSE came on this day for final hearing and for consideration of the entry of a final judgment pursuant to FED. R. CIV. P. 58(a)(1), and the parties, JOHN FITZGERALD, individually and as Representative Plaintiff on behalf of both the Borrower Class and the Payee Subclass, on behalf of himself and all others similarly situated, joined by HESTER LEE HENDERSON, as an additional Representative Plaintiff on behalf of the Borrower Class, and by WILLIAM BUTLER and ALICE BUTLER and CURTIS READUS and BARBARA READUS, as additional Representative Plaintiffs on behalf of the Payee Subclass (all, sometimes collectively, the "Representative Plaintiffs"), by and through Frank S. Thackston, Jr. and C. W. Walker, III, Lake Tindall, LLP, Lawrence E. Abernathy, III, Law Offices of Lawrence E. Abernathy, III, and Reid S. Bruce, Gilmer Law Firm, all of whom were previously designated by this Court as Class Counsel ("Class Counsel"), and the Defendants EQUICREDIT CORPORATION OF AMERICA ("EquiCredit"), BANK OF AMERICA CORPORATION ("B of A") and NATIONSCREDIT FINANCIAL SERVICES CORPORATION ("NationsCredit") (all, sometimes, collectively the "EquiCredit Defendants"), by and through their attorneys, H. Hunter Twiford, III, McGlinchey Stafford PLLC, and Benjamin B. Klubes, Skadden, Arps, Slate, Meagher & Flom LLP (admitted *pro hac vice*), having announced to the Court that all

matters previously agreed upon by the Parties and/or ordered by the Court to be performed have been completed, and that this class action litigation is finally concluded and should be fully and finally dismissed on the docket of this Court, and the Court, being fully advised in the premises, hereby finds and adjudicates as follows:

1.  The *Order Approving the Borrower Class, Payee Subclass, 50% Settlement Group and Pre-Arbitration Settlements, Authorizing the Distribution of All Payments and Making Other Findings and Orders Necessary to Effectuate the Court's Final Approval Order Approving the Class and Granting Other Relief* (the "Final Distribution Order") [Docket No. 245-1] was entered by this Court on March 28, 2006, which fully and completely sets out the history of the litigation and the prior acts of the parties, through the date of entry of the Final Distribution Order. The Final Distribution Order also outlined the remaining tasks to be completed and items to be resolved by the Parties and by this Court.

2.  Thereafter, payments were made to the members of the Borrower Class and the Payee Subclass, and the other actions taken as ordered in the Final Distribution Order. Subsequently, the parties filed their *Joint Final Report* [Docket No. 251] on October 24, 2006, advising the Court of all actions taken since the entry of the Final Distribution Order.

3.  The Final Distribution Order provided that the Court should determine one or more charities to receive the $250,000 charitable contributions referenced therein which the EquiCredit Defendants previously agreed to pay. Following the Court's consideration of competing motions filed by Class Counsel on behalf of the Representative Plaintiffs [Docket No. 255], and by the EquiCredit Defendants [Docket No. 256} and replies and rebuttals, the Court entered its *Order* (the "Charitable Contribution Order") [Docket No. 261] on April 17, 2007, denying in part and granting in part the competing motions filed by the parties, and ordering that, of the $250,000 total contributions to charity to be paid by the EquiCredit Defendants, the

charity suggested by Class Counsel, Children of the Nations, Inc. ("CONTI"), would receive the sum of $62,500, and the balance of the funds, $187,500, would be equally divided among the four Mississippi Chapters of Habitat for Humanity International suggested by the EquiCredit Defendants, namely: (1) Greenwood-Leflore County HFH – P.O. Box 548, Greenwood, Mississippi 38935; (2) Clarksdale Area HFH, Inc. – P.O. Box 861, Clarksdale, Mississippi 38614; (3) Metro Jackson HFH – P.O. Box 55634, Jackson, Mississippi 39296-5634; and (4) Habitat for Humanity of the Mississippi Gulf Coast, Inc., successor by merger to the Harrison County HFH[1] – 1400 Legget Drive – Vanhook Hall, Biloxi, Mississippi 39530, with the funds to be paid within ten days of the date of the Charitable Contribution Order by Tilghman & Company, Birmingham, Alabama, the duly appointed and acting Claims Administrator for the Fitzgerald Class Action (the "Claims Administrator"). The parties have agreed and have recommended to the Court that, since the Claims Administrator had insufficient funds remaining in the Treatment Redress Fund to make those contributions after payment of the redress to the Borrower Class members, the Payee Subclass members and the other Class Members specified in the Final Distribution Order, the EquiCredit Defendants should make the contributions directly to the specified donees, and the Court hereby approves that proposed modification to the Charitable Contribution Order. It is understood that the EquiCredit Defendants will not claim or attempt to claim any portion of the specific funds transferred to the designated charities under the provisions of the Charitable Contribution Order as a charitable contribution for income tax purposes in order to reduce their income tax liability.

    4.    That the EquiCredit Defendants have caused the contributions to be made to the specified donees in the amounts established by the Court by wire transfer of the funds, which

---

[1] On January 1, 2007, the Harrison County HFH and Habitat for Humanity of Jackson County merged to form "Habitat for Humanity of the Mississippi Gulf Coast, Inc." The Court hereby approves the modification of the donee specified in the Charitable Contribution Order to Habitat for Humanity for the Mississippi Gulf Coast.

3

occurred on Tuesday, May 1, 2007. Each of the donees has been informed in writing of the donation and the provisions of the Charitable Contribution Order, has been furnished a copy of the Charitable Contribution Order, and has acknowledged receipt of the funds .

5. In the *Order Approving Final Distribution of Attorneys' Fee Award* (the "Final Attorneys' Fee Distribution Order") [Docket No. 258] on December 14, 2006, the Court ordered the EquiCredit Defendants to pay to Class Counsel the remaining 10% of the total amount previously awarded as attorneys' fees, costs and expenses. The EquiCredit Defendants made that final payment by wire transfer to the trust account of Lake Tindall, one of the law firms comprising Class Counsel, on December 21, 2006. Class Counsel has received all of the moneys to which they are entitled for attorneys' fees, costs and expenses, and no further sums remain to be paid.

6. The EquiCredit Defendants have paid all of the fees and expenses due to the Claims Administrator, and there are no other or further fees or expenses remaining to be paid to the Claims Administrator.

7. The Claims Administrator has returned all remaining funds in the Treatment Redress Fund to the EquiCredit Defendants, and has provided a final accounting to the parties which accurately reflects all receipts and disbursements by the Claims Administrator.

8. This action has been fully and finally completed, and this *Final Judgment* should be entered. It is therefore

ORDERED

that this action, having been dismissed with prejudice on the merits with respect to all claims which were or could have been asserted by the Representative Plaintiffs or by Class Members who did not timely opt out against the EquiCredit Defendants, or any of them, and all actions required by the prior agreements of the parties or the orders of this Court to be performed

having been fully performed and completed, the Court hereby enters this *Final Judgment* in accordance with the provisions of FED. R. CIV. P. 58(a)(1). The Clerk of the Court is hereby authorized and empowered to make appropriate notation on the docket, and to show this case as finally concluded and closed.

**SO ORDERED** on this, the 17th day of May, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

APPROVED AND AGREED TO:

**CLASS COUNSEL**

LAKE TINDALL, LLP

By: s/ C. W. Walker, III
C. W. Walker, III (MSB #6870)

**COUNSEL FOR THE EQUICREDIT DEFENDANTS**

McGLINCHEY STAFFORD PLLC

By: s/ H. Hunter Twiford, III
H. Hunter Twiford, III (MSB #8162)

206497.6

5